NO. 07-08-00358-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
17, 2010

 



 

HENRY BALTAZAR, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,264; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

 

Appellant Henry Baltazar
Jr. appeals from his conviction of the offense of aggravated assault with a
deadly weapon[1]
and the resulting sentence of fifty-five years of imprisonment.  Via his sole issue, appellant contends the
evidence presented at trial was factually insufficient.  We will affirm the judgment of the trial
court.

Background

Trial testimony showed that appellant
administered a beating to his girlfriend during an argument.  Among her injuries, the most serious were
fractures of bones in her face.  The jury
found appellant guilty of aggravated assault with a deadly weapon, and assessed
punishment as noted.  This appeal
followed.

Analysis

A factual sufficiency review begins
with the assumption that the evidence is legally sufficient under Jackson v. Virginia.[2]
 Laster v. State, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).  Evidence can be deemed factually insufficient
in two ways: (1) the evidence supporting the conviction is Atoo weak@ to support the factfinder=s verdict, or (2) considering
conflicting evidence, the factfinder=s verdict is Aagainst the great weight and
preponderance of the evidence.@ 
Laster, 275 S.W.3d at 518; see
Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App.
2000) (setting forth same standard). 

Under the variant of the offense of
aggravated assault with which appellant was charged, his guilt required the
State to prove: (1) he intentionally, knowingly or recklessly; (2) he caused
bodily injury to the victim; (3) he used or exhibited his hand during the
commission of the assault; and (4) that appellant=s hand, in the manner of its use or intended use,
was capable of causing death or serious bodily injury.  Tex. Penal Code Ann. '' 22.01(a)(1) (Vernon 2007); 22.02(a)(2) (Vernon 2005). 

As we understand
appellant’s position on appeal, he does not challenge the sufficiency of the
evidence that, with the required culpable mental state and using his hand, he
caused bodily injury to his girlfriend. 
With respect to the final element, that establishing his use of a deadly
weapon, appellant appears to take the position the State was required to prove
the injuries he inflicted on her constituted serious bodily injury.[3]  Appellant’s argument is to the effect that
the victim’s injuries did not meet the definition of serious bodily injury. The
State, while not conceding that the victim’s injuries were less than serious
bodily injury, points out that its burden in this case simply was to prove that
appellant used his hands in a manner capable of causing death or serious bodily
injury.  The State is correct.  Tex. Penal Code Ann. ' 1.07(17)(B) (Vernon 2003); Tucker v. State, 274 S.W.3d 688,
691 (Tex.Crim.App. 2008); Petruccelli
v. State, 174 S.W.3d 761, 770 (Tex.App.BWaco
2005, pet. ref=d), cert. denied, 549 U.S. 839, 127 S.Ct. 106, 166 L.Ed.2d 66 (2006).  

As appellant concedes,
hands may be deadly weapons based on their manner of use or intended use and
their capacity to produce death or serious bodily injury.  Petruccelli, 174 S.W.3d at 770, citing Turner v. State, 664
S.W.2d 86, 90 (Tex.Crim.App. 1983) (panel op.) and Vela
v. State, 159 S.W.3d 172, 182 (Tex.App.BCorpus
Christi 2004, no pet.).  Injuries suffered by
the victim can alone be a sufficient basis for inferring that a deadly weapon
was used.  See Jaramillo v. State,
No. 07-08-0148-CR, 2009 Tex.App. LEXIS
1781, at *7 (Tex.App.BAmarillo
Mar. 13, 2009, no pet.); Tucker, 274 S.W.3d at 691-92.[4] 

Testimony at trial showed
appellant’s beating left his girlfriend with a bloody nose, bruises on her arm
and abrasions on her legs and back. 
After he hit her in the face with his fist, she was briefly
unconscious.  The record contains her
characterization of his actions as “swinging hard.”  She described symptoms of pain, numbness,
headaches, double vision and blurriness in her left eye.  The CAT scan ordered by the emergency room
physician showed what he described in testimony as a “tripod fracture,”
involving fractures to three bones near the eye.  The physician told the jury that type of
facial injury is a serious injury carrying risk of loss of vision through
rupture or dislocation of the eye.  He
agreed that such loss of vision could be a protracted loss or impairment of the
function of a bodily member or organ. 
The physician and a Lubbock police officer both agreed with the
prosecutor that a hand used in the manner it was here could be a deadly weapon,
capable of causing serious bodily injury. See Tucker, 274 S.W.3d at 692
(police officer as expert witness with respect to deadly weapon).  

We find the evidence that
during his assault of his girlfriend appellant used his hand in a manner
capable of causing serious bodily injury to her was not too weak to support the
jury’s deadly weapon finding.  Appellant
points to evidence she never had surgery to repair the fractures and that at
the time of trial she had not experienced any of the more serious potential
consequences of her injuries.[5]  As the Court of Criminal Appeals noted in Tucker, the finding a defendant used a
deadly weapon is not precluded simply because the victim is fortunate enough
not to suffer the full range of potential consequences.  The question is appellant’s use of his hand
in a manner capable of causing
serious bodily injury.  274 S.W.3d at 692. 
The evidence to which appellant points does not render the jury’s
verdict against the
great weight and preponderance of the evidence. 
Laster, 275
S.W.3d at 518.  We find the evidence factually sufficient to support the
jury’s verdict, overrule appellant=s sole issue on appeal and affirm the judgment of
the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Publish. 











[1] See Tex. Penal Code
Ann. ' 22.02(a)(2) (Vernon 2007). 
The indictment also included an enhancement paragraph setting forth
appellant=s previous final felony conviction.  Appellant plead Atrue@ to the
enhancement, making his conviction punishable as a first degree felony.  See Tex. Penal Code Ann. ' 12.42 (Vernon
2003).

 





[2]
443
U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).





[3] 
ABodily injury@ means physical
pain, illness, or any impairment of physical condition.  Tex. Penal Code Ann. '
1.07(8) (Vernon 2003).  ASerious bodily
injury@ means bodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.  Tex. Penal Code Ann. ' 1.07(46)
(Vernon 2003).  





[4]
Compare Purdy v. State, No. 07-09-00058-CR, 2010 Tex.App. LEXIS 4955 (Tex.App.—Amarillo
June 29, 2010, no pet.) (evidence insufficient
for deadly weapon finding as there was no description of injuries to the victim
and knife was not entered into evidence and was inadequately described).

 





[5] The States notes,
however, the victim’s testimony that pain in her left eye “comes and goes,” and
her testimony she did not return to the plastic surgeon for the recommended
surgery because she had no insurance.